UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re Emergency Application of<br><br>HAPAG-LLOYD AG<br>  Applicant<br><br>For Order Authorizing Discovery For Use In Foreign Proceedings Under 28 U.S.C. § 1782 | Civil Action No.: 4:25-cv-00263-RSB-CLR |

## STIPULATION AND ORDER

WHEREAS, the vessel the M/V SPIL KARTIKA (the "Vessel") is owned by Salam Pacific Indonesia Lines ("Salam"), and demise chartered to Spring Co. Ltd. ("Spring"); and the Vessel is managed by Asia Pacific (collectively the "Vessel Interests"); and

WHEREAS, Hapag-Lloyd AG ("HL") sub-charterered the vessel pursuant to an NYPE time charter dated September 25, 2024 (the "Charterparty"); and

WHEREAS, the Vessel while enroute to the Port of New York/New Jersey on/about October 29, 2025, reportedly encountered heavy weather resulting in a roll of in excess of 35 degrees and the loss of approximately thirty-three containers overboard and damage to seven containers (the "Incident"); and

WHEREAS, the Vessel arrived in the Port of New York/New Jersey on or about October 30, 2025, and thereafter made her way down the east coast of the United States; and

WHEREAS, the Vessel is expected to arrive in Savannah on November 11, 2025; and

WHEREAS, HL has made various requests to Vessel Interests to provide certain documents and electronically stored information ("ESI") and to interview those crewmembers of the Vessel with personal knowledge of the Incident (collectively "HL Discovery Requests"); and

WHEREAS, Vessel Interests has provided documents to HL on a rolling basis pursuant to the HL Discovery Requests, as evidenced in Exhibit A hereto, and has granted access to the Vessel by HL's appointed expert, but has denied the requested crew interviews; and

633313.1

WHEREAS, in view of HL's position that the document production was not satisfactory, HL filed an application in the federal court of the Southern District of Georgia on November 7, 2025 assigned case number Civil Action No.: 4:25-cv-00263-RSB-CLR (the "Action") pursuant to 28 U.S.C. § 1782 seeking production by Owner of any outstanding HL Discovery Requests; and

WHEREAS, Vessel Interests have disputed HL's right to obtain discovery under 28 U.S.C. § 1782; and

WHEREAS, the Court has scheduled a hearing to take place in this matter at 1pm on November 10, 2025 (the "Hearing"); and

WHEREAS, the parties hereto, in order to avoid the hearing, have reached an amicable resolution to the outstanding HL Discovery Requests consistent with the terms of this Stipulation and Order.

NOW THEREFORE, and consistent with the above covenants and for other good and valuable consideration, the parties hereto agree and stipulate as follows:

1. All of the above covenants as set forth and are fully incorporated herein.

2. Vessel Interests agree that an expert appointed by HL will be permitted to board the Vessel upon arrival in Savannah in the company of Owner's expert to jointly identify and facilitate the collection and subsequent production of additional documentation and data responsive to HL's Discovery Requests as reflected in Exhibit A hereto and in accordance with the terms of this Stipulation.

3. Notwithstanding paragraph 2 above, Vessel Interests have agreed to produced all discovery as evidence in Exhibit A and this agreement is a continuing obligation whether obtainable while the Vessel is in Savannah or after she departs from the United States.

4. Vessel Interests' expert shall take into custody any outstanding HL Discovery Request for production to HL by or before 30 days from the date of this Stipulation and Order being so ordered by the Court or as otherwise mutually agreed upon by the parties in writing.

5. Vessel Interests warrant that all discovery produced to HL (whether previously provided or to be provided) shall be complete, legible, and cover the voyage in question.

6. HL will produce to Vessel Interests the documents set forth in Exhibit B hereto in accordance with the same reciprocal terms governing Vessel Interests' production to HL as set forth in Paragraphs 1 through 5 herein.

633313.1

Case 4:25-cv-00263-RSB-CLR    Document 5    Filed 11/10/25    Page 3 of 4

The production provided for in this stipulation is contingent upon the documents and data existing and being in the possession of the producing party i.e., Vessel Interests or HL.  Further, nothing in this stipulation shall require the production of privileged materials, including attorney-client communications and/or attorney work product, nor shall it require the production of any reports, notes, correspondence, photos/videos or other materials prepared by the parties appointed experts.

    7.    In consideration of this Stipulation and Order:

    a. HL agrees to immediately advise the Court that a joint resolution has been reached and that the Hearing be cancelled; and

    b.  Despite the anticipated departure of the Vessel from Savannah on/about November 11, 2025 or any time thereafter, the parties hereto submit to the *in personam* jurisdiction in this Action before this Honorable Court for the sole purpose of any dispute arising from, related to, or in connection: (i)HL's Discovery Requests, (ii) HL's production of documents to Vessel Interests, and (iii) this Stipulation and Order.  This provision will terminate upon expiration of 180 days, but may be extended upon application to the Court by either party.  The parties expressly state and agree that their agreement to submit to the in personam jurisdiction of this Honorable Court is limited solely to any issues relating to disputes and/or enforcement of this Stipulation and is no way intended to evidence an agreement to submit to the personal jurisdiction of the Court for any additional disputes between the parties nor does this agreement constitute submission to the personal jurisdiction of the Court for claims by any third parties, including, but not limited to any potential cargo claimants.  Except as so expressly reserved herein, this stipulation is without prejudice to or waiver of any and all personal jurisdiction defenses available to the parties, all of which are expressly reserved.  With the exception of the reservations made herein this stipulation, this stipulation and the submission to the personal jurisdiction of the Court herein is without prejudice to or waiver of all rights and defenses under the Charterparty, including, but not limited to Cl. 17 thereof providing that all disputes between HL and Vessel Interests arising under said Charter Party are to be governed by English Law and London Arbitration.

Dated: November 11, 2025

-3-

633313.1

| | |
|---|---|
| FREEHILL HOGAN & MAHAR, LLP<br>*/s/      William J. Pallas*<br>William Pallas<br>80 Pine Street, 25th Floor<br>New York, NY 10015<br>Tel:  (212) 425-1901<br>Email: pallas@freehill.com<br><br>***Counsel for Vessel Interests***<br><br>*/s/ Langston Bass, Jr.*<br>T. LANGSTON BASS, JR.<br>State Bar No. 041320<br><br>***Counsel for Vessel Interests*** | LISKOW & LEWIS, APLC<br>On Behalf of HL<br>*/s/ Michael Fernandez*<br>Michael Fernandez<br>11 Broadway | Suite 615<br>New York, New York 10004<br>Tel. (332) 286-5210<br>Email:  rmfernandez@liskow.com<br><br>***Counsel for Hapag-Lloyd AG***<br><br>BOUHAN FALLIGANT LLP<br><br>*/s/ Todd Balad*<br>Todd M. Ballad (GA Bar No. 031605)<br>One West Park Avenue (31401)<br>Post Office Box 2139<br>Savannah, Georgia  31402-2139<br>Tel. (912) 232-7000<br>      (803) 917-7289<br>Facsimile:  (912) 233-0811<br>Email: tmbaiad@bouhan.com<br><br>***Counsel for Hapag-Lloyd AG*** |

**SO ORDERED**, this 10th day of November, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA